**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                        :
**WEDPENS DORSAINVIL,**                 :
                                        :          **Civil Action No. 16-2016 (ES)**
                    **Plaintiff,**      :
                                        :
          **v.**                        :          **MEMORANDUM OPINION**
                                        :
**NEW JERSEY DEP'T OF CORR., et al.,**  :
                                        :
                    **Defendants.**     :
                                        :
_____      :

**SALAS, DISTRICT JUDGE**

Plaintiff Wedpens Dorsainvil, ("Plaintiff"), a prisoner confined at East Jersey State Prison in Rahway, New Jersey, has filed a civil rights complaint against Defendants New Jersey Department of Corrections, East Jersey State Prison, prison officials Patrick Nogan, Cindy Ford and Gary Lanigan, and John Doe members of the "Special Operations Group" (collectively, "Defendants"). (D.E. No. 1-1, Complaint ("Compl.")).

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.[1]   For the reasons set forth below, the Court concludes that the Complaint must be DISMISSED.

---

[1]   Because the Court is screening the Complaint pursuant to its authority under 28 U.S.C. § 1915A, Defendants' pending Motion to Dismiss the Complaint will be dismissed as moot.   (D.E. No. 3).

## I. BACKGROUND

The following factual allegations are taken from the Complaint and are accepted as true for purposes of this screening only.   As such, the Court makes no findings as to the veracity of Plaintiff's allegations.

On December 3, 2015, members of the "Special Operations Group" conducted cell searches on Plaintiff's unit of East Jersey State Prison.   (Compl. at 10).   After the searches were complete, Plaintiff returned to his cell and determined that various items were either missing or broken.   (*Id.*).   The missing items included sneakers, pens, tweezers, AA batteries, and stamps. (*Id.*).   Plaintiff's muffins were smashed into his sheets, his fan was broken, his photo album was ripped and his photos were scattered "all over the place."   (*Id.*).   Plaintiff states that he filed grievances, which were met with "unresponsive answers that didn't address [his] issues."   (*Id.* at 10-11).   On December 31, 2015, Plaintiff filed a notice of tort claim which was denied.   (*Id.*).

Plaintiff is seeking monetary damages and an injunction "ordering defendants to refrain from taking Plaintiff's property."   (*Id.* at 6).

## II.   DISCUSSION

### A. Legal Standard

#### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may

2

be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915A because Plaintiff is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).   Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### 2.   Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to

---

[2]      "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

be subjected, any citizen of the United States or other person within
the jurisdiction thereof to the deprivation of any rights, privileges,
or immunities secured by the Constitution and laws, shall be liable
to the party injured in an action at law, suit in equity, or other proper
proceeding for redress . . . .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of

a right secured by the Constitution or laws of the United States and, second, that the alleged

deprivation was committed or caused by a person acting under color of state law.  *See West v.*

*Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

At the outset, all claims against Defendants New Jersey Department of Corrections and

East Jersey State Prison must be dismissed *with prejudice* because those entities are not "persons"

within the meaning of Section 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58

(1989); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (state

department of corrections and state prison facilities are not "persons" under § 1983).

The Court construes Plaintiff's Complaint as alleging that other Defendants deprived him

of his property without due process of law.[3]  However, "[r]outine claims of property deprivation

or damage, even at the hands of a State actor, are not automatically constitutional claims."  *Brown*

---

[3]     To the extent Plaintiff intended to raise a claim against Defendants Nogan, Ford and
Lanigan based only on their role as supervisors of the members of the Special Operations Group,
that claim must fail.   Liability under § 1983 may not be based solely on the doctrine of respondeat
superior.  *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).   Instead, the plaintiff must
show that the official's conduct caused the deprivation of a federally protected right.  *See
Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   More particularly, the plaintiff must allege that
the defendant was personally involved in the deprivation.  *See Rode v. Dellarciprete*, 845 F.2d
1195, 1207 (3d Cir. 1988).   Therefore, to the extent Plaintiff argues that these defendants are liable
because they employ the individuals who conducted the search and destroyed his properly, that
claim must be dismissed.

4

*v. James*, No. 14-7674, 2015 WL 4391789, at \*4 (D.N.J. July 14, 2015).  "An unauthorized deprivation of property by a state actor, whether intentional or negligent, does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."[4]  *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984)); *see also Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) ("Deprivation of inmate property by prison officials does not give rise to cognizable due process claim if the prisoner has an adequate post-deprivation state remedy") (citing *Hudson*, 468 U.S. at 533); *Roudabush v. Bittinger*, No. 15-3185, 2015 WL 4616869, at \*7 (D.N.J. July 31, 2015) (same).  The existence of a post-deprivation remedy forecloses any due process claim, even if an inmate is dissatisfied with the result of the process.  *Massi v. Zickefoose*, No. 10-4802, 2011 WL 4810414, at \*9 (D.N.J. Oct. 7, 2011) (citing *Iseley v. Horn*, No. 95-5389, 1996 WL 510090, at \*6 (E.D. Pa. Sept. 3, 1996)).

Here, Plaintiff's claims regard the destruction and confiscation of his property fail as a matter of law because the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. § 59:1–1 *et seq.*, and the prison's grievance procedure, *see* N.J. Admin. Code § 10A:1–4.1(a)(1) (effective June 16, 2008), provide all the process that is due.  *See Holman v. Hilton*, 712 F.2d 854, 857 (3d Cir. 1983); *Asquith v. Volunteers of America*, 1 F. Supp. 2d 405, 419 (D.N.J. 1998), *aff'd* 186 F.3d 407 (3d Cir. 1999); *Georges v. Ricci*, No. 07-5576, 2007 WL 4292378, at \*8 (D.N.J. Dec. 4, 2007) (stating

---

[4]    In *Logan v. Zimmerman Brush Co.*, the Supreme Court explained that post-deprivation remedies do not satisfy the Due Process Clause if the underlying deprivation of property was carried out pursuant to established state procedure rather than through random, unauthorized action.  455 U.S. 422, 435-36 (1982).  Here, there is no indication that the actions of the officers were carried out pursuant to a state procedure as Plaintiff specifically stated that when he was deprived of his property, he immediately filed a grievance to "see to it that these officers were sanctioned for their *misconduct*."  (Compl. at 11 (emphasis added)).

that the New Jersey Tort Claims Act "provides an adequate post-deprivation remedy to person, including inmates such as Plaintiff, who believe they were wrongfully deprived of property at the hands of prison officials") (citations omitted).

In fact, Plaintiff's Complaint acknowledges that he was provided an opportunity to file administrative claims and grievances—which he did—and he filed a tort claim—which was denied.  (Compl. 11-12).  The fact that Plaintiff was unsuccessful with his grievances and tort claim does not make his due process claim viable.  *See Love v. New Jersey Dep't of Corr.*, No. 15-4404, 2016 WL 2757738, at *9 (D.N.J. May 12, 2016) ("That Plaintiff has allegedly filed [a tort claim] and received no relief is of no moment. The question is not whether Plaintiff can succeed on his claim, but rather whether he has been provided with sufficient legal process"); *Massi*, 2011 WL 4810414, at *9.

Because the NJTCA and inmate grievance procedures are available post-deprivation remedies providing all the process which is due, Plaintiff's due process deprivation of property claim fails and this Court will dismiss it for failure to state a claim upon which relief may be granted.  *See Ball v. Oden*, 425 F. App'x 88, 89 (3d Cir. 2011) (affirming dismissal of inmate deprivation of property claim on ground that administrative grievance procedure provided adequate post-deprivation remedy).

## III. CONCLUSION

For the foregoing reasons, the claims against East Jersey State Prison and the Department of Corrections will be dismissed *with prejudice* pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.   The procedural due process claim will be dismissed *without prejudice*.   Because it is conceivable that Plaintiff may be able to supplement his pleading

with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave

to move to re-open this case and to file an amended complaint.[5]   An appropriate Order follows.

*s/ Esther Salas*_____

**Esther Salas, U.S.D.J.**

---

[5] Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. 2013)(collecting cases); *see also* 6 CHARLES ALAN WRIGHT ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).   To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.   *Id.*